**CASE NO. 20-cv-20265-BLOOM/Louis**

NFL PROPERTIES LLC, a Delaware limited
liability company; FORTY NINERS
FOOTBALL COMPANY LLC, a Delaware
limited liability company; and KANSAS CITY
CHIEFS FOOTBALL CLUB, INC., a Texas
corporation,

      Plaintiffs,

vs

JOHN OR JANE DOES 1-200, and JOHN
DOE COMPANIES 1-100,

      Defendants.

_____/

**ORDER GRANTING TEMPORARY RESTRAINING ORDER,**
**SEIZURE ORDER AND ORDER TO SHOW CAUSE**

      **THIS CAUSE** is before the Court upon Plaintiffs' *Ex Parte* Motion for a Temporary

Restraining Order, Seizure Order and Order to Show Cause Regarding Preliminary Injunction

("Motion"), ECF No. [5]. The Court heard argument and testimony on the Motion on January 27,

2020. The Court has considered the Motion, the record in this case, the applicable law, and is

otherwise fully advised. For the reasons set forth below, the Motion is granted. The Court makes

the following findings of fact and conclusions of law:

      1.  Plaintiffs have demonstrated that they are entitled to injunctive relief by establishing that

they are likely to succeed on the merits of their claims, that they will suffer irreparable harm, that

the balance of equities decidedly tips in their favor, and that the requested relief is in the public

interest.

2.   Plaintiffs have shown a substantial likelihood of prevailing on the merits of their claims that Defendants have used counterfeit and infringing marks in connection with the production, offering for sale, distribution, and/or sale of items, in violation of the rights of Plaintiffs under the Lanham Act and under the laws of the State of Florida.

3.   This year, the professional football teams, the Forty Niners Football Company LLC (the "49ers Club") and the Kansas City Chiefs Football Club, Inc. (the "Chiefs Club") will be competing in Super Bowl LIV, which will be played at the Hard Rock Stadium in Miami Gardens, Florida, on Sunday, February 2, 2020.

4.   Before, during, and after the Super Bowl game, numerous related events will take place in the counties of Miami-Dade, Broward, Palm Beach, Monroe and St. Lucie (collectively the "South Florida Counties").

5.   The Super Bowl LIV game has received intense media coverage and Plaintiffs' trademarks, including those of NFL Properties LLC ("NFLP"), the 49ers Club, the Chiefs Club, and the other NFL Member Clubs (as defined in Plaintiffs' Verified Complaint), have received extensive exposure in the South Florida Counties.

6.   NFLP owns each of the NFL's trademarks, names, logos, symbols, slogans, designs, and other identifying marks and indicia (both registered and unregistered) and is responsible for licensing and protecting the same. Additionally, NFLP is the authorized representative of the NFL's thirty-two Member Clubs with respect to the licensing and protection of their trademarks, names, logos, symbols, slogans, designs, and other identifying marks and indicia. The trademarks, names, logos, symbols, slogans, uniform designs, and other identifying marks and indicia relating to the activities of, adopted by, and used in commerce by the NFL and its Member Clubs, including the 49ers Club and the Chiefs Club, are collectively referred to herein as the "NFL Trademarks."

7. Plaintiff NFLP is the owner of, has adopted, and has used in commerce numerous trademarks for a wide variety of products related to the NFL's goods and services, and has registered with the United States Patent and Trademark Office ("USPTO") and/or with the Florida Secretary of State's Office certain of those trademarks, all of which are included in the NFL Trademarks. The marks adopted, used in commerce, and/or registered by the NFLP include, but are not limited to, the following: NATIONAL FOOTBALL LEAGUE, NFL, SUPER BOWL, LIV, SUPER SUNDAY, AMERICAN FOOTBALL CONFERENCE, AFC, NATIONAL FOOTBALL CONFERENCE, NFC, VINCE LOMBARDI TROPHY, NFL EXPERIENCE, BACK TO FOOTBALL, NFL NETWORK, NFL ON LOCATION, NFL SHOP, NFL TICKET EXCHANGE, ON FIELD, PRO BOWL, SUNDAY NIGHT FOOTBALL, MONDAY NIGHT FOOTBALL, THURSDAY NIGHT FOOTBALL, the NFL 100 Design, the Super Bowl LIV Design, the NFL Shield Design (including current and prior versions), the AFC Design (including current and prior versions), the NFC Design (including current and prior versions), the BACK TO FOOTBALL Design, the NFL NETWORK Design, the AFC Champion Trophy Design, the NFC Champion Trophy Design, and the Vince Lombardi Trophy Design, among others.

8. The 49ers Club is the owner of, and has adopted and used in commerce, numerous trademarks in connection with its goods and services, and has registered certain of those marks with the USPTO, all of which are included in the NFL Trademarks. The marks adopted, used in commerce, and/or registered by the 49ers Club include, but are not limited to, the following: SAN FRANCISCO 49ERS, SAN FRANCISCO FORTY NINERS, 49ERS, NINERS, FAITHFUL, FAITHFUL FLAG, SF Designs, 49ers Design, the 49ers helmet design, and the 49ers home, away, alternate, and/or historic uniform and jersey designs.

9. The Chiefs Club is the owner of and has adopted and used in commerce numerous trademarks in connection with its goods and services, and has registered certain of those marks

with the USPTO, all of which are included in the NFL Trademarks  The marks adopted, used in commerce, and/or registered by the Chiefs Club include, but are not limited to, the following: KANSAS CITY CHIEFS, CHIEFS, CHIEFS KINGDOM, ARROWHEAD, the Arrowhead Designs, CHIEFS (stylized), Kansas City Chiefs and Arrowhead Design, ARROWHEAD (stylized), the Chiefs helmet design, the Chiefs home and away uniform and jersey designs, and the KC Wolf Mascot Design.

10. Plaintiff NFLP, as the authorized representative of the NFL's thirty two (32) Member Clubs, including the 49ers Club and the Chiefs Club, has entered into numerous licensing agreements with third parties, whereby it has licensed those parties to use the NFL Trademarks in connection with the manufacture and sale of articles of merchandise, including apparel and accessories, as well as hats, pennants, novelty items, games, and many other products. NFLP controls and monitors the quality and designs of that merchandise on behalf of the Member Clubs and the NFL.

11.  Defendants are not licensed or authorized by Plaintiffs to manufacture, distribute, offer for sale, sell, or advertise, merchandise or tickets for Super Bowl LIV bearing the NFL Trademarks.

12.  Defendants are and/or will be in the South Florida Counties, and in particular, within a five (5) mile radius of (a) Miami Beach Convention Center, where the Super Bowl Experience and 1st & Future events will take place; (b) Bayfront Park, where the Super Bowl Live events will take place; and (c) Hard Rock Stadium, where the Super Bowl game will be played (collectively, the "Venues") between noon on Thursday, January 30, 2020 and noon on Monday, February 3, 2020, for the purpose of manufacturing, distributing, offering for sale, selling and advertising unauthorized sales of unlicensed, counterfeit souvenir merchandise ("Counterfeit Merchandise") and unlicensed, unredeemable tickets ("Counterfeit Tickets") (together, "Counterfeits") bearing the NFL Trademarks.

4

13. Defendants' unlawful activities are likely to cause public confusion, mistake, and/or deception, causing immediate and irreparable harm to Plaintiffs.

14. Plaintiffs will incur immediate and irreparable injury and have no adequate remedy at law if this Court declines to grant an injunction.

15. Unless the requested order is granted, Plaintiffs will have no adequate remedy at law and will suffer immediate and irreparable harm in the form of infringement of Plaintiffs' trademarks, injury to reputation and property rights, and decreased sales of licensed merchandise before, during and/or after the Super Bowl LIV game caused by unauthorized sales of these Counterfeits.

16. An order other than an *ex parte* seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114.

17. Should this Court decline to grant Plaintiffs' Motion, the harm to Plaintiffs clearly outweighs any harm which Defendants may incur, because Defendants have no legitimate rights to use the NFL Trademarks in connection with Counterfeit Merchandise and Counterfeit Tickets or otherwise. Defendants have not requested permission from Plaintiffs to use the NFL Trademarks and Plaintiffs have not consented to such use.

18. This Court finds that it is in the public interest that Counterfeit Merchandise, Counterfeit Tickets, and otherwise infringing merchandise be removed from sale to unsuspecting consumers.

19. Plaintiffs have shown that notice need not be given of this Order because a temporary restraining order on notice to the Defendants would be inadequate to protect Plaintiffs' interests. If notified of an impending injunctive order, Defendants are likely to retain the Counterfeit Merchandise and Counterfeit Tickets by hiding, transferring or destroying the Counterfeit Merchandise and Counterfeit Tickets.

20. Plaintiffs have also shown that notice need not be given of this Order because the specific identity of each Defendant is not currently known and may not be learned until the sale of Counterfeits is underway.

21. Plaintiffs have indicated their willingness and ability to provide a $75,000.00 bond to the Court in conjunction with the Requested *Ex Parte* Temporary Restraining Order and Seizure Order.

22. Plaintiffs have demonstrated that an *Ex Parte* Temporary Restraining Order and Seizure Order will adequately achieve the objectives underlying the federal trademark law of the United States and the trademark and unfair competition laws of the State of Florida.

23. Plaintiffs have not publicized that they are seeking the relief requested under this Order.

24. The matter subject to said *Ex Parte* Temporary Restraining Order and Seizure Order will be located within a five (5) mile radius of each of the Venues.

25. Plaintiffs, via their outside counsel, by letter dated January 10, 2020, have notified the United States Attorney for the Southern District of Florida of their intention to file this action and seek an *Ex Parte* Order pursuant to 15 U.S.C. § 1116(d).

**THEREFORE, IT IS ORDERED AND ADJUDGED** that:

Plaintiffs' Motion for an *Ex Parte* Temporary Restraining Order, Seizure Order and Order to Show Cause for Preliminary Injunction, **ECF No. [5]**, is **GRANTED.**

All Defendants served herein as John Does 1 through 200, inclusive, or John Doe Companies 1 through 100, inclusive, and their respective officers, directors, agents, partners, employees, attorneys, representatives, successors, and assigns, and all other persons in active concert or participation with them, or any of them, be temporarily and preliminarily restrained, and, upon final trial, permanently enjoined:

(a) from producing, manufacturing, advertising, promoting, displaying for sale, offering for sale, selling, or distributing any articles of merchandise or tickets bearing the marks of the NFL and its Member Clubs, including but not limited to:

- NATIONAL FOOTBALL LEAGUE;

- NFL;

- SUPER BOWL;

- LIV;

- SUPER SUNDAY;

- AMERICAN FOOTBALL CONFERENCE;

- AFC;

- NATIONAL FOOTBALL CONFERENCE;

- NFC;

- VINCE LOMBARDI TROPHY;

- NFL EXPERIENCE;

- BACK TO FOOTBALL;

- NFL NETWORK;

- NFL ON LOCATION;

- NFL SHOP;

- NFL TICKET EXCHANGE;

- ON FIELD;

- PRO BOWL;

- SUNDAY NIGHT FOOTBALL;

- MONDAY NIGHT FOOTBALL;

- THURSDAY NIGHT FOOTBALL;

- The NFL 100 Design;

- the Super Bowl LIV Design, as depicted on <u>Exhibit 1</u> to this Order;

- the NFL Shield Design (including current and prior versions), as depicted on <u>Exhibit 1</u> to this Order;

- the AFC Design (including current and prior versions), as depicted on <u>Exhibit 1</u> to this Order;

- the NFC Design (including current and prior versions), as depicted on <u>Exhibit 1</u> to this Order;

- the BACK TO FOOTBALL Design, as depicted on <u>Exhibit 1</u> to this Order;

- the NFL NETWORK Design, as depicted on <u>Exhibit 1</u> to this Order;

- the AFC Champion Trophy Design, as depicted on <u>Exhibit 1</u> to this Order;

- the NFC Champion Trophy Design, as depicted on <u>Exhibit 1</u> to this Order;

- the Vince Lombardi Trophy Design, as depicted on <u>Exhibit 1</u> to this Order;

- SAN FRANCISCO 49ERS;

- SAN FRANCISCO FORTY NINERS;

- 49ERS;

- NINERS;

- FAITHFUL;

- FAITHFUL FLAG;

- the SF Design Mark, as depicted on <u>Exhibit 2</u> to this Order;

- the SF 49ers Design Mark, as depicted on <u>Exhibit 2</u> to this Order;

- the 49ers Club helmets, home, away, and alternate jersey designs, and home, away, and historic uniform designs, as depicted on Exhibit 2 to this Order;

- KANSAS CITY CHIEFS;

- CHIEFS;

- CHIEFS KINGDOM;

- ARROWHEAD;

- The Arrowhead Design Marks, as depicted on Exhibit 3 to this Order;

- The Chiefs Design Mark, as depicted on Exhibit 3 to this Order;

- The Kansas City Chiefs and Arrowhead Design Mark as depicted on Exhibit 3 to this Order;

- The Arrowhead Design Mark, as depicted on Exhibit 3 to this Order;

- The Chiefs Mascot Design Mark, as depicted on Exhibit 3 to this Order;

- the Chiefs Club helmets, home and away jersey designs, and home, away, and alternate uniform designs, as depicted on Exhibit 3 to this Order;

- the full team names, nicknames, slogans, logos, helmet or uniform designs, or other trademarks of any Member Club of the National Football League (including, but not limited to, the 49ers Club and the Chiefs Club); and

- any other NFL Trademarks, any colorable imitations of any of the above, or anything confusingly similar thereto, unless such merchandise or tickets have been licensed by NFLP;

(b) from making any false commercial statement or representation whatsoever or performing any act, which can or is likely to falsely lead the trade or public, or individual members

thereof, to believe that any Counterfeit Merchandise or Counterfeit Tickets manufactured, distributed, or sold by Defendants is in any manner licensed or otherwise authorized by Plaintiffs, or is sold, manufactured, sponsored, or approved, by Plaintiffs;

(c) from engaging in any activity constituting infringement of Plaintiffs' marks or any of Plaintiffs' rights in said marks or constituting any dilution of the goodwill, name, or reputation of the Plaintiffs;

(d) from otherwise competing unfairly with NFLP, the 49ers Club, and the Chiefs Club;

(e) from engaging in any activity constituting misappropriation and/or conversion of Plaintiffs' property and property rights;

(f) from erasing, deleting, altering, or destroying Counterfeit Merchandise and Counterfeit Tickets that are in Defendants' possession or control during the pendency of this action;

(g) from destroying any documents, electronic files, or business records that pertain to the copying, reproduction, manufacture, duplication, dissemination, or distribution and/or sale by Defendants or under Defendants' authority, including any correspondence (including, but no limited to, e-mails), sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the manufacture, purchase, advertising, sale, or offering for sale of such infringing copies during the pendency of this action; and

(h) from effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs (a)–(g) above.

Defendants are directed to deliver up to Plaintiffs, any Counterfeit Merchandise and Counterfeit Tickets in their possession, custody, or control together with all such merchandise in

the process of manufacture and any cartons, boxes, or other containers (excluding any vehicles, trailers, and the like) in which said Counterfeit Merchandise and Counterfeit Tickets are stored, carried, displayed, or transported; any devices used to produce or reproduce such Counterfeit Merchandise and Counterfeit Tickets, including, without limitation, patches, silk screens, molds, matrices, heat transfers, or printers; and any signs, banners, posters, displays, labels, packages, wrappings, receptacles, or advertisements intended to be used in selling, in distributing, or in connection with the sale or distribution of Counterfeit Merchandise and Counterfeit Tickets, pending further orders from this Court; and it is further

Plaintiffs and their duly authorized representatives, accompanied by duly-authorized law enforcement agents, are authorized to seize and hold in a secure place, pending further hearing, any and all Counterfeit Merchandise and Counterfeit Tickets bearing the NFL Trademarks—together with all documents or records related to such Counterfeit Merchandise and Counterfeit Tickets; any cartons, boxes, or other containers (excluding any vehicles, trailers, and the like) in which said Counterfeit Merchandise and Counterfeit Tickets are stored, carried, displayed, or transported; any devices used to produce or reproduce such Counterfeit Merchandise and Counterfeit Tickets, including, without limitation, silk screens, patches, molds, matrices, heat transfers, or printers; and any signs, banners, posters, displays, labels, packages, wrappings, receptacles, or advertisements intended to be used in selling, in distributing, or in connection with the sale or distribution of Counterfeit Merchandise and Counterfeit Tickets—in the possession, custody, or control of any Defendants served as John Does 1 through 200, inclusive, or John Doe Companies 1 through 100, inclusive.

The Seizure Order described in the preceding paragraphs shall be in effect during the period commencing at **noon on Thursday, January 30, 2020, and ending at noon on Monday,**

**February 3, 2020,** or as extended by further Order of the Court, within a five (5) mile radius of the Venues.

Service on Defendants may be made by personal service of a Summons, together with a copy of the Verified Complaint, without exhibits, and a copy of this Order; and each unnamed Defendant shall be served with a copy of the Verified Complaint, without exhibits, and a copy of this Order at any time during the pendency of the Order, specifically including, without limitation, between **noon on Thursday, January 30, 2020, and noon on Monday, February 3, 2020,** by an on-duty agent from the Department of Homeland Security and/or other duly authorized Federal or local law enforcement officer(s) with jurisdiction within a five mile radius of the Venues, with proof of service to be executed by such agent or other authorized law enforcement agent and filed in these proceedings. Such service shall make the person or entity served an additional Defendant to this case. Such service shall be made before any delivery, seizure, and impoundment executed pursuant to this Order. Defendants may contact Ury Fischer of Lott & Fischer, PL, 255 Aragon Avenue, Third Floor, Coral Gables, Florida 33134, telephone (305) 448-7089, extension 204, Monday through Sunday from the hours of 9:00 a.m. to 5:00 p.m., or visit www.lottfischer.com/NFL-Seizure, to obtain a complete set of motion papers and affidavits without charge.

If it is ascertained that Counterfeit Merchandise or Counterfeit Tickets are present, all persons empowered to execute this Order are permitted to take physical custody of the Counterfeit Merchandise or Counterfeit Tickets through reasonable means to effectuate and accomplish the Order herein. Persons executing said Order are authorized to obtain samples, photographs, and other evidence of infringing goods and the circumstances of the sale or distribution of said goods.

A written receipt for any merchandise or ticket seized shall be given to the person from whom the goods are taken. Such seized items shall be kept in suitable containers identified with the

receipts given, shall be kept safely in the custody and control of the Plaintiffs, and shall be made available to the Court at any hearing to confirm or challenge a seizure.

As a condition to the effectiveness of the restraining aspects of this Order, Plaintiffs shall post a bond in a form satisfactory to the Clerk in the amount of $75,000.00, securing Defendants against their costs and damages if it is found that they have been wrongfully restrained. **Said security is to be filed prior to 4:30 p.m. on Wednesday, January 29, 2020.**

Defendants shall cooperate with the appropriate law enforcement officials and other persons executing this Order, and provide the items sought to be seized from wherever such items are maintained.

Defendants are required to provide the persons executing this Order with correct names, residential and business addresses, and telephone numbers.

Items seized from any Defendant shall be disposed of by Plaintiffs upon further Order of this Court by destroying it, donating it to charity, or making such other disposition as appears appropriate to Plaintiffs.

**Defendants shall be present to show cause on the 5th day of February 2020 at 9:00 a.m.**, or as soon thereafter as counsel can be heard, **in Courtroom 10-2 of the Wilke D. Ferguson, Jr. United States District Courthouse, 400 North Miami Avenue, Miami, Florida, 33128,** why an order should not issue preliminarily enjoining Defendants from the acts temporarily restrained herein, and confirming the seizure order authorized herein; and at said hearing proof may be adduced by the Verified Complaint and declarations, or by proof as in ordinary basis.

**Defendants' written response to this Order, if any, shall be filed with the Clerk of this Court before noon on February 4, 2020,** and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Lott & Fischer, PL, 255 Aragon Avenue, Third Floor, Coral Gables, Florida 33134, Attention: Ury Fischer.

Plaintiffs shall file an Amended Complaint by **no later than Monday, February 10, 2020,** to identify the Defendants who have been served with this Order; and it is further

This Order shall remain in effect until further Order of the Court.

Defendants are given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the requested-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 28, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record