UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20265-BLOOM/Louis

NFL PROPERTIES LLC; FORTY NINERS
FOOTBALL COMPANY LLC; and KANSAS
CITY CHIEFS FOOTBALL CLUB, INC.,

    Plaintiffs,

v.

JOHN OR JANE DOES and JOHN DOE
COMPANIES 1-100,

    Defendants.
_____/

## ORDER GRANTING PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court following a hearing held on February 5, 2020 to show cause. ECF No. [22]. At the hearing, the Court found evidence in the record supports the granting of a preliminary injunction. *Id.* Plaintiffs, NFL Properties LLC ("NFLP"), Forty Niners Football Company LLC (the "49ers Club"), and Kansas City Chiefs Football Club, Inc. (the "Chiefs Club") (collectively, "Plaintiffs"), were ordered to file a summary of the seized items and to submit a proposed order regarding the motion for preliminary injunction and disposition of the seized items. *Id.* For the reasons that follow, the Court grants Plaintiff's motion for preliminary injunction.

On January 22, 2020, Plaintiffs filed their *Ex Parte* Motion for a Temporary Restraining Order, Seizure Order, and Order to Show Cause, ECF No. [5] ("Motion"). The Motion sought, among other things, authority to seize unlicensed merchandise ("Counterfeit Merchandise") and unlicensed tickets ("Counterfeit Tickets") bearing trademarks owned by Plaintiffs. The Court heard arguments of counsel and witness testimony on January 27, 2020, ECF No. [16], and entered an Order granting the Motion on January 28, 2020. ECF No. [14] ("Seizure Order"). The Seizure Order granted the Temporary Restraining

Order and authorized seizure of Counterfeit Merchandise and Counterfeit Tickets bearing trademarks owned by Plaintiffs, and ordered any Defendants, once identified, to show cause why an Order should not be entered (i) preliminarily enjoining Defendants from the acts temporarily restrained in the Seizure Order, and (ii) confirming the seizures made pursuant to the Seizure Order. *Id.*

On February 5, 2020, the Court held a hearing to show cause pursuant to the Seizure Order. ECF No. [22]. The Court was presented with evidence of seizures of counterfeit merchandise and counterfeit tickets from the following individuals: James Anthony Dominic, Miriam Dubon, David Lamont Ross and Gerald A. Vailes ("Named Defendants"). The Court has reviewed the returns of service, ECF No. [19], executed by law enforcement personnel confirming service of the Seizure Order, and the Verified Complaint, ECF No. [1], upon the Named Defendants.

On presentation and consideration of the Verified Complaint, ECF No. [1], the attached exhibits, and the accompanying declaration of Dolores DiBella, attorney for NFLP and current Vice President for NFLP Legal Affairs; declaration of Wayne Grooms, an experienced, licensed private investigator who has participated in the execution of seizure orders at twenty-four (24) Super Bowl games; declaration of Heather Holdridge, an experienced, licensed private investigator who has been involved in over 1,000 matters relating to the activities of the National Football League ("NFL"); declaration of Harry Mediavilla, an experienced Florida-licensed private investigator who has been involved in over 1,500 counterfeiting investigations; declaration of Timothy Sauer, Special Agent for the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), assigned to the Office of the Special Agent in Charge, Miami, Florida; declaration of Jorge Herrera, Captain of the Miami-Dade Police Department, both experienced in counterfeit enforcement, including in Florida; and based on all other pleadings and proceedings presented to the Court, the Court finds as follows:

1. Plaintiffs have demonstrated that they are entitled to preliminary injunctive relief by establishing that they are likely to succeed on the merits of their claims, that they are suffering irreparable harm, that the balance of equities decidedly tips in their favor, and that the requested relief is in the public interest.

2. Plaintiffs have shown a substantial likelihood of prevailing on the merits of their claims that the Named Defendants have used counterfeit and infringing marks in connection with the production, offering for sale, distribution, and/or sale of items, in violation of the rights of Plaintiffs under the Lanham Act and under the laws of the State of Florida.

3. The 49ers Club and the Chiefs Club competed in the Super Bowl LIV championship game on Sunday, February 2, 2020 at the Hard Rock Stadium in Miami Gardens, Florida.

4. Before, during and after the Super Bowl LIV championship game, numerous related events took place in the counties of Miami-Dade, Broward, Palm-Beach, Monroe and St. Lucie (collectively the "South Florida Counties").

5. The Super Bowl LIV game received intense media coverage and Plaintiffs' trademarks, including those of NFLP, the 49ers Club, the Chiefs Club, and the other NFL Member Clubs (as defined in Plaintiffs' Verified Complaint, ECF No. [1]), received extensive exposure in the South Florida Counties.

6. Plaintiff NFLP owns each of the NFL's trademarks, names, logos, symbols, slogans, designs, and other identifying marks and indicia (both registered and unregistered) and is responsible for licensing and protecting the same. Additionally, NFLP is the authorized representative of the NFL's thirty-two (32) Member Clubs with respect to the licensing and protection of their trademarks, names, logos, symbols, slogans, designs, and other identifying marks and indicia. The trademarks, names, logos, symbols, slogans, uniform designs, and other identifying marks and

indicia relating to the activities of, adopted by, and used in commerce by the NFL and its Member Clubs, including the 49ers Club and the Chiefs Club, are collectively referred to as the "NFL Trademarks."

7. Plaintiff NFLP is the owner of, has adopted, and has used in commerce numerous trademarks for a wide variety of products related to the NFL's goods and services, and has registered with the United States Patent and Trademark Office ("USPTO") and/or with the Florida Secretary of State's Office certain of those trademarks, all of which are included in the NFL Trademarks. The marks adopted, used in commerce, and/or registered by the NFLP include, but are not limited to, the following: NATIONAL FOOTBALL LEAGUE, NFL, SUPER BOWL, LIV, SUPER SUNDAY, AMERICAN FOOTBALL CONFERENCE, AFC, NATIONAL FOOTBALL CONFERENCE, NFC, VINCE LOMBARDI TROPHY, NFL EXPERIENCE, BACK TO FOOTBALL, NFL NETWORK, NFL ON LOCATION, NFL SHOP, NFL TICKET EXCHANGE, ON FIELD, PRO BOWL, SUNDAY NIGHT FOOTBALL, MONDAY NIGHT FOOTBALL, THURSDAY NIGHT FOOTBALL, the NFL 100 Design, the Super Bowl LIV Design, the NFL Shield Design (including current and prior versions), the AFC Design (including current and prior versions), the NFC Design (including current and prior versions), the BACK TO FOOTBALL Design, the NFL NETWORK Design, the AFC Champion Trophy Design, the NFC Champion Trophy Design, and the Vince Lombardi Trophy Design, among others.

8. The 49ers Club is the owner of, and has adopted and used in commerce, numerous trademarks in connection with its goods and services, and has registered certain of those marks with the USPTO, all of which are included in the NFL Trademarks. The marks adopted, used in commerce, and/or registered by the 49ers Club include, but are not limited to, the following: SAN FRANCISCO 49ERS, SAN FRANCISCO FORTY NINERS, 49ERS, NINERS, FAITHFUL, FAITHFUL

FLAG, SF Designs, 49ers Design, the 49ers helmet design, and the 49ers home, away, alternate, and/or historic uniform and jersey designs.

9. The Chiefs Club is the owner of and has adopted and used in commerce numerous trademarks in connection with its goods and services and has registered certain of those marks with the USPTO, all of which are included in the NFL Trademarks. The marks adopted, used in commerce, and/or registered by the Chiefs Club include, but are not limited to, the following: KANSAS CITY CHIEFS, CHIEFS, CHIEFS KINGDOM, ARROWHEAD, the Arrowhead Designs, CHIEFS (stylized), Kansas City Chiefs and Arrowhead Design, ARROWHEAD (stylized), the Chiefs helmet design, the Chiefs home and away uniform and jersey designs, and the KC Wolf Mascot Design.

10. Plaintiff NFLP, as the authorized representative of the NFL's thirty two (32) Member Clubs, including the 49ers Club and the Chiefs Club, has entered into numerous licensing agreements with third parties, whereby it has licensed those parties to use the NFL Trademarks in connection with the manufacture and sale of articles of merchandise, including apparel and accessories, as well as hats, pennants, novelty items, games, and many other products. NFLP controls and monitors the quality and designs of that merchandise on behalf of the Member Clubs and the NFL.

11. The Named Defendants, James Anthony Dominic, Miriam Dubon, David Lamont Ross and Gerald A. Vailes, are not, and have never been, licensed or authorized by Plaintiffs to manufacture, distribute, offer for sale, sell, or advertise merchandise or tickets for Super Bowl LIV bearing the NFL Trademarks.

12. Plaintiffs have shown a substantial likelihood of succeeding in demonstrating that before, during and after the Super Bowl LIV game, the Named Defendants, in the area authorized for seizures under the Seizure Order, manufactured, distributed, offered for sale, sold and advertised

unauthorized sales of Counterfeit Merchandise and Counterfeit Tickets bearing the NFL Trademarks, including but not limited to, the Counterfeit Merchandise and Counterfeit Tickets seized from the Named Defendants by Plaintiffs' authorized representatives, accompanied by duly authorized law enforcement agents, pursuant to the Seizure Order (the "Seized Items"), as reflected in <u>Exhibit 1</u> (identifying the Named Defendants from whom the Seized Items were taken, a description of the Seized Items, the location of the seizure, and the Named Defendants' purported physical addresses (when stated by a Named Defendant)).

13. Plaintiffs have shown a substantial likelihood of succeeding in demonstrating that the Seized Items are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

14. Plaintiffs have further shown a substantial likelihood of succeeding in demonstrating that the Named Defendants will continue to engage in this unlawful activity, including, but not limited to, the continued sale of Counterfeit Merchandise and Counterfeit Tickets in the area authorized for seizures under the Seizure Order, if not enjoined by this Court.

15. The Named Defendants' unlawful activities likely have caused, and are likely to further cause, public confusion, mistake or deception, causing immediate and irreparable harm to Plaintiffs.

16. Unless the requested Preliminary Injunction is granted, Plaintiffs will have no adequate remedy at law and will suffer immediate and irreparable harm in the form of infringement of the Plaintiffs' trademarks, injury to reputation and property rights, and decreased sales of licensed Super Bowl LIV merchandise and tickets.

17. Should this Court decline to grant Plaintiffs' request for a Preliminary Injunction, the harm to Plaintiffs would clearly outweigh any harm which the Named Defendants may incur, because the Named Defendants have no legitimate rights to use the NFL Trademarks in connection with Counterfeit Merchandise and Counterfeit Tickets or otherwise. The Named Defendants have not

requested permission from Plaintiffs to use the NFL Trademarks, and Plaintiffs have not consented to such use.

18. This Court finds it is in the public interest that Counterfeit Merchandise, Counterfeit Tickets and otherwise infringing merchandise be removed from sale to unsuspecting consumers.

19. Entry of an order other than the requested Preliminary Injunction would not adequately achieve the objectives underlying the federal trademark law of the United States of America and the statutory and common law trademark and unfair competition laws of the State of Florida.

20. Plaintiffs have provided adequate security by posting a $75,000.00 bond to the Court in conjunction with the Seizure Order.

21. All Named Defendants identified in Exhibit 1 were properly served with the Verified Complaint, Summons, and the Seizure Order, were provided with directions for obtaining from Plaintiffs' counsel, at no charge, Plaintiffs' supporting papers and the exhibits to the Verified Complaint, and were notified of the show cause hearing held before this Court on February 5, 2020.

22. None of the Defendants have filed a response to Plaintiffs' moving papers or otherwise appeared in this action.

Accordingly, it is **ORDERED AND ADJUDGED** that the Named Defendants, James Anthony Dominic, Miriam Dubon, David Lamont Ross and Gerald A. Vailes, and their respective agents, partners, employees, attorneys, representatives, successors, and assigns, and all other persons in active concert or participation with them, are preliminarily enjoined and restrained from:

(a) producing, manufacturing, advertising, promoting, displaying for sale, offering for sale, selling, or distributing any articles of merchandise or tickets bearing the marks of the NFL and its Member Clubs, including but not limited to:

- NATIONAL FOOTBALL LEAGUE;

- NFL;

- SUPER BOWL;

- LIV;

- SUPER SUNDAY;

- AMERICAN FOOTBALL CONFERENCE;

- AFC;

- NATOINAL FOOTBALL CONFERENCE;

- NFC;

- VINCE LOMBARDI TROPHY;

- NFL EXPERIENCE;

- BACK TO FOOTBALL;

- NFL NETWORK;

- NFL ON LOCATION;

- NFL SHOP;

- NFL TICKET EXCHANGE;

- ON FIELD;

- PRO BOWL;

- SUNDAY NIGHT FOOTBALL;

- MONDAY NIGHT FOOTBALL;

- THURSDAY NIGHT FOOTBALL;

- THE NFL 100 Design;

- the Super Bowl LIV Design, as depicted on Exhibit 2 to this Order;

- the NFL Shield Design (including current and prior versions), as depicted on Exhibit 2 to this Order;
- the AFC Design (including current and prior versions), as depicted on Exhibit 2 to this Order;
- the NFC Design (including current and prior versions), as depicted on Exhibit 2 to this Order;
- the BACK TO FOOTBALL Design; as depicted on Exhibit 2 to this Order;
- the NFL NETWORK Design, as depicted on Exhibit 2 to this Order;
- the AFC Champion Trophy Design, as depicted on Exhibit 2 to this Order;
- the NFC Champion Trophy Design, as depicted on Exhibit 2 to this Order;
- the Vince Lombardi Trophy Design, as depicted on Exhibit 2 to this Order;
- SAN FRANCISCO 49ERS;
- SAN FRANCISCO FORTY NINERS;
- 49ERS;
- NINERS;
- FAITHFUL;
- FAITHFUL FLAG;
- the SF Design Mark, as depicted on Exhibit 3 to this Order;
- the SF 49ers Design Mark, as depicted on Exhibit 3 to this Order;
- the 49ers Club helmets, home, away, and alternate jersey designs, and home, away, and historic uniform designs, as depicted on Exhibit 3 to this Order;
- KANSAS CITY CHIEFS;
- CHIEFS;

- CHIEFS KINGDOM;

- ARROWHEAD;

- the Arrowhead Design Marks, as depicted on Exhibit 4 to this Order;

- the Chiefs Design Mark, as depicted on Exhibit 4 to this Order;

- the Kansas City Chiefs and Arrowhead Design Mark as depicted on Exhibit 4 to this Order;

- the Arrowhead Design Mark, as depicted on Exhibit 4 to this Order;

- the Chiefs Mascot Design Mark, as depicted on Exhibit 4 to this Order;

- the Chiefs Club helmets, home and away jersey designs, and home, away, and alternate uniform designs, as depicted on Exhibit 4 to this Order;

- the full team names, nicknames, slogans, logos, helmet or uniform designs, or other trademarks of any Member Club of the National Football League (including, but not limited to, the 49ers Club and the Chiefs Club); and

- any other NFL Trademarks, any colorable imitations of any of the above, or anything confusingly similar thereto, unless such merchandise or tickets have been licensed by NFLP;

(b) making any false commercial statement or representation whatsoever or performing any act, which can or is likely to falsely lead the trade or public, or individual members thereof, to believe that any Counterfeit Merchandise or Counterfeit Tickets manufactured, distributed, or sold by the Named Defendants is in any manner licensed or otherwise authorized by Plaintiffs, or is sold, manufactured, sponsored, or approved, by Plaintiffs;

(c) engaging in any activity constituting infringement of Plaintiffs' marks or any of Plaintiffs' rights in said marks or constituting any dilution of the goodwill, name, or reputation of the Plaintiffs;

(d) otherwise competing unfairly with NFLP, the 49ers Club and the Chiefs Club;

(e) engaging in any activity constituting misappropriation and/or conversion of Plaintiffs' property and property rights;

(f) erasing, deleting, altering or destroying Counterfeit Merchandise and Counterfeit Tickets that are in the Named Defendants' possession or control during the pendency of this action;

(g) destroying any documents, electronic files, or business records that pertain to the copying, reproduction, manufacture, duplication, dissemination, or distribution and/or sale by the Named Defendants or under the Named Defendants' authority, including any correspondence (including but not limited to, e-mails), sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the manufacture, purchase, advertising, sale or offering for sale of such infringing copies during the pendency of this action; and

(h) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs (a)-(g) above; and it is further

The seizures described herein, conducted pursuant to the Seizure Order, are confirmed; and it is further

Plaintiffs shall serve this Preliminary Injunction (and any other papers filed in this action) by mail upon the Named Defendants at their addresses listed in <u>Exhibit 1</u>, which shall constitute effective service; and it is further

Plaintiffs may either donate the Seized Items to one or more charitable organizations or destroy them, if necessary and appropriate; and it is finally

This Preliminary Injunction shall remain in effect until disposition of this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of February, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record